JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Pruett, Rebecca

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _Tulsa_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _Oklahoma_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Victor Wandres
Wandres Law Firm
115 W 3rd St #411
Tulsa OK 74103   (918) 200 9272

Attorneys (If Known) Rausch, Sturm, Israel, Enerson + Hornik
1012 NW grand Blvd #A
Oklahoma City OK 73118
405-848 1775   Deborah Peterson

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE 3-8-12

SIGNATURE OF ATTORNEY OF RECORD Deborah a Peterson

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Rebecca Pruett ) ) ) Plaintiff(s), ) ) v. ) ) Rausch, Sturm, Israel, Enerson, ) and Hornik ) ) Defendant(s) ) | Case No. 12 CV - 72-CVE-TLW |

## ENTRY OF APPEARANCE

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for:

Defendant
(Plaintiff/Defendant)

Rausch Sturm, Israel, Enerson & Hornik
(Name of Party)

I certify that I am admitted to practice in this court and am registered to file documents electronically with this court.

s/

Signature

3-8-12

Date

Deborah A. Peterson

Print Name

Rausch, Sturm, Israel, Enerson & Hornik

Firm

1012 NW Grand Blvd  #A

Address

Oklahoma City          OK          73118

City                    State          Zip Code

405-848-1775          405-840-1164

Telephone              Fax Number

dpeterson@rsieh.com

Internet E-mail Address

REVISED 8/31/06

*Certificate of Service*

☑ I hereby certify that on (date) ___3 - 8 - 12___, I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on

file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

☐ I hereby certify that on (date) _____, I served the attached document by

(service method) _____ on the

following, who are not registered participants of the ECF System: (insert names and addresses)

s/ *Deborah Peterson*

s/ Attorney Name Deborah A. Peterson

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REBECCA PRUETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-72-CVE-TLW |
| | ) | |
| RAUSCH, STURM, ISRAEL, | ) | |
| ENERSON AND HORNIK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RAUSCH, STURM, ISRAEL,
## ENERSON & HORNIK, LLC'S RULE 7.1 COPRORATE DISCLOSURE

RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC makes the following

disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation?

No.

2.      Is there a publicly owned corporation, not a party to this case that has a financial

interest in the outcome?

No.

Dated this 20th day of April, 2011.


RAUSCH, STURM, ISRAEL, ENERSON &
HORNIK, LLC
Attorneys for Defendant

By: _____
DEBORAH A. PETERSON

**P.O. ADDRESS:**

Attorney Deborah A. Peterson
Rausch, Sturm, Israel, Enerson & Hornik, LLC
1012    NW Grand Blvd.  #A
Oklahoma City OK   73118
Telephone:      (405) 848-1775
Facsimile:      (405)840-1164
Email: dpeterson@rsieh.com

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

REBECCA PRUETT,                           )
                                          )
      Plaintiff,                     )
                                          )
v.                                        )        Case No. 12-CV-72-CVE-TLW
                                          )
RAUSCH, STURM, ISRAEL,                    )
ENERSON AND HORNIK, LLC,                  )
                                          )
      Defendant.                     )

## ANSWER OF DEFENDANT RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC.

The Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC, as and for its Answer to the Plaintiff's Complaint, states as follows:

1.     Deny each and every matter, thing, and allegation set forth in the Complaint, except as herein admitted, qualified, or otherwise alleged.

2.     Answering Paragraph 1 of the Complaint, the statement contained therein is a legal conclusion to which no response is necessary and, in any event, Defendant denies that it violated the Fair Debt Collection Practices Act ("the FDCPA") and denies that the Complaint states a claim under the FDCPA.

3.     Answering Paragraph 2 of the Complaint, the statement contained therein is a legal conclusion to which no response is necessary and, in any event, Defendant denies that it violated the Fair Debt Collection Practices Act ("the FDCPA") and denies that the Complaint states a claim under the FDCPA.

4.     Answering Paragraph 3 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined terms and contain a legal conclusion to which no response is necessary. Defendant admits that this Court would have personal jurisdiction over a claim properly pleaded under the FDCPA, but denies that the Complaint is so pleaded, and denies that Plaintiff has a valid claim against Defendant.

5.     Answering Paragraph 4 of the Complaint, the statement contained therein is a legal conclusion to which no response is necessary and, in any event, Defendant admits that this Court would have venue over a claim properly pleaded under the FDCPA, but denies that the Complaint is so pleaded, and denies that the Plaintiff has a valid complaint against the Defendant.

6.     Answering Paragraph 5 of the Complaint, upon representation of Plaintiff's counsel and upon information and belief, Defendant admits the allegations contained therein.

7.     Answering Paragraph 6 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined terms and contain a legal conclusion to which no response is necessary and, in any event, Defendant denies said allegations.

8.     Answering Paragraph 7 of the Complaint, admits only that Defendant is a law firm, and alleges that the remaining allegations in said paragraph constitute legal conclusions to which no response is necessary, and puts Plaintiff to her strict burden of proof thereon.

9.     Answering Paragraph 8 of the Complaint, admits that Defendant is a law firm with an office in Oklahoma City, Oklahoma.

10.     Answering Paragraph 9 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined terms and contain a legal conclusion to which no response is necessary and, in any event, Defendant denies said allegations.

2

11.     Answering Paragraph 10 of the Complaint, Defendant denies the allegation contained therein.

12.     Answering Paragraph 11 of the Complaint, Defendant denies the allegation contained therein.

13.     Answering Paragraph 12 of the Complaint, Defendant denies the allegation contained therein.

14.     Answering Paragraph 13 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined and hypothetical terms, and are therefore denied.

15.     Answering Paragraph 14 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined and hypothetical terms, and are therefore denied.

16.     Answering Paragraph 15 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined and hypothetical terms, and are therefore denied.

17.     Answering Paragraph 16 of the Complaint, the content of correspondence from defense Plaintiff's counsel to Defendant speaks for itself, and Defendant denies the allegations of said paragraph inconsistent therewith.

18.     Answering Paragraph 17 of the Complaint, the allegations contained therein are vague, ambiguous, and contain undefined and terms, and are therefore denied.

19.     Answering Paragraph 18 of the Complaint and all of its subparts a) through f), Defendant denies the allegations contained therein.

3

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state any claims upon which relief can be granted.

2.      The Complaint is barred by the laws of contributory and/or comparative negligence, failure to join a necessary party, failure to mitigate alleged damages, and any applicable Statutes of Limitation.

3.      If Plaintiff sustained any damages as alleged or otherwise, such damages were caused solely, directly and proximately by the conduct of Plaintiff and/or by the conduct of persons or parties not now parties to this action and for whose actions Defendant has no legal responsibility.

4.      The Plaintiff has failed to properly plead special damages or otherwise plead damages required to sustain the claims pleaded.

5.      To the extent the Complaint seeks damages and remedies pursuant to the FDCPA, such damages and remedies are limited by provisions of the FDCPA.

6.      Plaintiff's claims are barred by FDCPA, 15 U.S.C. §1692k(c) providing that a debt collector is not liable for a violation of the FDCPA if such violation was not intentional and resulted from a bona fide error not withstanding the maintenance and procedures reasonably adapted to avoid any such error.

7.      The conduct of the Defendant in this case was in compliance with all applicable federal and state laws and regulations, was performed in good faith, and was consistent with industry practices and standards.

8.      Defendant lacks standing to assert the claims in this lawsuit as he/she has not alleged or suffered an injury-in-fact as is required by Article III of the U.S. Constitution.

9.      The Plaintiff's claims are barred by the doctrine of litigation privilege.

4

10.     The Plaintiff's claims are barred by the doctrines of waiver, estoppel, judicial estoppel or unclean hands.

11.     The Defendant reserves the right to assert any and all other defenses as set forth in the Federal Rules of Civil Procedure that discovery reveals to be applicable.

Dated this ___\_2_ day of March, 2012.

RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC
Attorneys for Defendant

By: _Deborah Peterson_____
Deborah Peterson

**P.O. ADDRESS:**
Rausch, Sturm, Israel, Enerson & Hornik, LLC

_____
_____
_____

5