UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA PRUETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-72-CVE-TLW |
| ) | |
| RAUSCH, STURM, ISRAEL, ) | |
| ENERSON AND HORNIK, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC.

The Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC, as and for its Answer to the Plaintiff's Complaint, states as follows:

1. Deny each and every matter, thing, and allegation set forth in the Complaint, except as herein admitted, qualified, or otherwise alleged.

2. Answering Paragraph 1 of the Complaint, the statement contained therein is a legal conclusion to which no response is necessary and, in any event, Defendant denies that it violated the Fair Debt Collection Practices Act ("the FDCPA") and denies that the Complaint states a claim under the FDCPA.

3. Answering Paragraph 2 of the Complaint, the statement contained therein is a legal conclusion to which no response is necessary and, in any event, Defendant denies that it violated the Fair Debt Collection Practices Act ("the FDCPA") and denies that the Complaint states a claim under the FDCPA.

4.   Answering Paragraph 3 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined terms and contain a legal conclusion to which no response is necessary. Defendant admits that this Court would have personal jurisdiction over a claim properly pleaded under the FDCPA, but denies that the Complaint is so pleaded, and denies that Plaintiff has a valid claim against Defendant.

5.   Answering Paragraph 4 of the Complaint, the statement contained therein is a legal conclusion to which no response is necessary and, in any event, Defendant admits that this Court would have venue over a claim properly pleaded under the FDCPA, but denies that the Complaint is so pleaded, and denies that the Plaintiff has a valid complaint against the Defendant.

6.   Answering Paragraph 5 of the Complaint, upon representation of Plaintiff's counsel and upon information and belief, Defendant admits the allegations contained therein.

7.   Answering Paragraph 6 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined terms and contain a legal conclusion to which no response is necessary and, in any event, Defendant denies said allegations.

8.   Answering Paragraph 7 of the Complaint, admits only that Defendant is a law firm, and alleges that the remaining allegations in said paragraph constitute legal conclusions to which no response is necessary, and puts Plaintiff to her strict burden of proof thereon.

9.   Answering Paragraph 8 of the Complaint, admits that Defendant is a law firm with an office in Oklahoma City, Oklahoma.

10.   Answering Paragraph 9 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined terms and contain a legal conclusion to which no response is necessary and, in any event, Defendant denies said allegations.

11. Answering Paragraph 10 of the Complaint, Defendant denies the allegation contained therein.

12. Answering Paragraph 11 of the Complaint, Defendant denies the allegation contained therein.

13. Answering Paragraph 12 of the Complaint, Defendant denies the allegation contained therein.

14. Answering Paragraph 13 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined and hypothetical terms, and are therefore denied.

15. Answering Paragraph 14 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined and hypothetical terms, and are therefore denied.

16. Answering Paragraph 15 of the Complaint, the allegations contained therein are multiple in form, vague, ambiguous, contain undefined and hypothetical terms, and are therefore denied.

17. Answering Paragraph 16 of the Complaint, the content of correspondence from defense Plaintiff's counsel to Defendant speaks for itself, and Defendant denies the allegations of said paragraph inconsistent therewith.

18. Answering Paragraph 17 of the Complaint, the allegations contained therein are vague, ambiguous, and contain undefined and terms, and are therefore denied.

19. Answering Paragraph 18 of the Complaint and all of its subparts a) through f), Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.   The Complaint fails to state any claims upon which relief can be granted.

2.   The Complaint is barred by the laws of contributory and/or comparative negligence, failure to join a necessary party, failure to mitigate alleged damages, and any applicable Statutes of Limitation.

3.   If Plaintiff sustained any damages as alleged or otherwise, such damages were caused solely, directly and proximately by the conduct of Plaintiff and/or by the conduct of persons or parties not now parties to this action and for whose actions Defendant has no legal responsibility.

4.   The Plaintiff has failed to properly plead special damages or otherwise plead damages required to sustain the claims pleaded.

5.   To the extent the Complaint seeks damages and remedies pursuant to the FDCPA, such damages and remedies are limited by provisions of the FDCPA.

6.   Plaintiff's claims are barred by FDCPA, 15 U.S.C. §1692k(c) providing that a debt collector is not liable for a violation of the FDCPA if such violation was not intentional and resulted from a bona fide error not withstanding the maintenance and procedures reasonably adapted to avoid any such error.

7.   The conduct of the Defendant in this case was in compliance with all applicable federal and state laws and regulations, was performed in good faith, and was consistent with industry practices and standards.

8.   Defendant lacks standing to assert the claims in this lawsuit as he/she has not alleged or suffered an injury-in-fact as is required by Article III of the U.S. Constitution.

9.   The Plaintiff's claims are barred by the doctrine of litigation privilege.

10. The Plaintiff's claims are barred by the doctrines of waiver, estoppel, judicial estoppel or unclean hands.

11. The Defendant reserves the right to assert any and all other defenses as set forth in the Federal Rules of Civil Procedure that discovery reveals to be applicable.

Dated this \2 day of March, 2012.

RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC
Attorneys for Defendant

By: _Deborah Peterson_
Deborah Peterson

**P.O. ADDRESS:**
Rausch, Sturm, Israel, Enerson & Hornik, LLC