**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) REBECCA L. PRUETT | ) | |
|   Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| (1) RAUSCH, STURM, ISRAEL, | ) | |
| ENERSON & HORNIK | ) | |
|   Defendant. | ) | 12-CV-72-CVE-TLW |
| | ) | The Honorable Judge |
| | ) |  Claire V. Egan and assigned to |
| | |   Judge Lane Wilson |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR ATTORNEY FEES**

Defendant, Rausch, Sturm, Israel, Enerson & Hornik (hereafter referred to RSIEH), by and through its

attorney, Deborah A. Peterson, makes this Response in Opposition to the Plaintiff's Application for Attorney Fees.

In Support of this Response, Defendant states:

**1. INTRODUCTION**

This is a case where Plaintiff filed a Federal Court lawsuit as a result of one unanswered telephone call made

by the Defendant law firm to the Plaintiff under the Fair Debt Collection Practices Act (FDCPA).

As stated by Plaintiff's counsel, a copy of the original Complaint was sent by e-mail on February 6, 2012 to

RSIEH.  Counsel for Plaintiff was informed by RSIEH at that point that alleged facts in this lawsuit could not have

occurred because RSIEH did not have the account when he claimed the calls were made.  (Exhibit 1 e-mail from

RSIEH to Plaintiff's Counsel) Yet, Counsel for Plaintiff  filed the lawsuit in the original form and signed a statement

sworn to under oath stating facts that could not have occurred.

**2. PLAINTIFF'S COUNSEL IS NOT ENTITLED TO ANY FEES CLAIMED AFTER MARCH 15, 2012.**

It is disputed that the Offer of Judgment was made, filed and received on March 15, 2012.  That offer was for

Judgment for Plaintiff for $1,000.00 and in addition, Plaintiff's reasonable attorney's fees and costs **now accrued**.

(Emphasis added) (Exhibit 2 Offer of Judgment).  It is undisputed that Plaintiff accepted this Offer of Judgment.  The

Oklahoma Supreme Court has held that a plaintiff recovering a Judgment by confession is entitled to a reasonable

attorneys fee for services "accruing up to an including the date defendant's offer to confess judgment was received. _Southwestern Bell Telephone Company, A Missouri Corporation v. Parker Pest Control, Inc, an Oklahoma Corporation._ 737P2nd 1186 (1987) Accordingly, all fees claimed after the date of March 15, 2012 should be disregarded.  That reduces the amount of claimed attorney fees that the Court can consider to 9.8 hours.

**3.  THE FEE APPLICATION INCLUDES PATENTLY EXCESSIVE HOURS.**

"Attorney's fees, where recoverable by law, must be reasonable under the particular circumstances of the case and must bear some reasonable relationship to the amount in controversy."..._Argonaut Insurance co. v. ABC Steel Products_ 582 S.W. 2d (Tex. Civ. App. 1979 cited in _Southwestern Bell Telephone Co. V. Parker Pest Control, Inc_, supra.)

Plaintiff's counsel claims that it took him 2 hours to draft the Complaint, a simple boiler-plate Complaint for a FDCPA case, which Counsel has drafted a few times before.  In fact, in just the past 2 years, Plaintiff's Counsel has filed at least six FDCPA lawsuits.  They are basically all the same except for the specific factual allegations.  (Exhibit 3, copies of FDCPA complaints drafted by Plaintiff's Counsel in the 2 years)

Regarding the 3 hours claimed for the Motion to Strike Vague Affirmative Defenses, there is no basis for him to have filed that Motion.   That motion was filed before any written discovery was conducted, before any depositions were taken, and before any other procedural matter had occurred.  As this same Court has previous found, "_The reason Defendants are required to plead affirmative defenses without being sure that the facts will ultimately support the defenses, such pleading is done precisely so that the defenses will be preserved should discovery or further proceeding reveal factual support_".  _Jim Baum v. Faith Technologies, Inc._ (Exhibit 4 10-CV-0144-CVE-TLW)

Interestingly, the fee application filed by Plaintiff's counsel bears a striking resemblance to the plaintiff's fee petition in the _Michelle Bell v. Midland Credit Management_ case cited by Plaintiff's counsel on his March 30, 2012 application, which is apparent from reading the first several pages of both fee applications.  (Exhibit 5 fee application for Michelle Bell).  As previously argued, none of the time claimed for preparation of Plaintiff's fee application should be considered by the court because the Offer of Judgment, accepted by Plaintiff, cut off those fees as of March

15, 2012.  However, if the Court chooses to disregard the plain language of the accepted Offer of Judgment, it should disregard the vast majority of time claimed in preparation of Plaintiff's counsel's fee application based upon the similarity to the one filed in the _Michelle Bell_ case.

**4.  PLAINTIFF'S COUNSEL FAILED TO PROVIDE THE COURT WITH ANY EVIDENCE TO FIND HIS HOURLY RATE TO BE REASONABLE.**

Plaintiff's Counsel failed to provide the Court with any admissible evidence of the reasonable rates in the Court's jurisdiction for the type of legal services claimed by Plaintiff's counsel in this case.  He failed to provide the Court with any affidavits of other attorneys practicing in this Court's jurisdiction who handle this type of case.

The purported fee survey attached to Plaintiff's Counsel's attorney fee application lacks any foundation for its admissibility, there is no foundation for its purported scientific validity, no attempt to show the methodology utilized and no attempt to show any statistical significance of the samples obtained, nor is there any indication that attorneys from Oklahoma were surveyed at all.  Therefore, Defendant argues the Court should give this survey no consideration.

**5.  PLAINTIFF'S COUNSEL'S SWORN AFFIDAVIT IN SUPPORT OF HIS FEE APPLICATION CORRECTLY STATES THAT HIS PROPOSED ITEMIZATION OF CHARGES INACCURATELY REFLECTS THE SERVICES HE PERFORMED.**

Paragraph 4 of Plaintiff's Counsel's sworn affidavit in support of his fee application most clearly points out why his application should be denied.  That sworn statement states that each of the entries of the itemized bill that he submitted "inaccurately reflects the services I performed representing the Plaintiff in this case.."  Paragraph 14 of that sworn statement reiterates that "under penalties provided by law, the undersigned certifies that the statements set forth in this affidavit are true and correct."

**6.  PLAINTIFF'S COUNSEL CLAIMED FEES PRE-SUIT THAT EXCEEDED WHAT HE NOW CLAIMS ARE PRE-SUIT FEES.**

The questionable nature of the time and fees claimed by Plaintiff's counsel in this case is highlighted by his

email on February 6, 2012 to RSIEH where he seeks $2,500 in attorney's fees, a date that his itemized bill, later,

indicates he had only incurred $1,350 in fees.

Wherefore, Defendant respectfully requests that the Court deny or  the Fee Application of Plaintiff's counsel

or reduce the amount to a truly reasonable amount for this type of case.

Respectfully submitted by:

Deborah A. Peterson, oba# 14895
Attorney for Defendant
RAUSCH, STURM, ISRAEL, ENERSON & HORNIK
1012 NW GRAND BLVD, SUITE A
OKLAHOMA CITY OK 73118
405-848-1775
405-840-1164 fax
dpeterson@srieh.com