UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM BAUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 10-CV-0144-CVE-TLW |
| | ) |
| FAITH TECHNOLOGIES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's "Motion to Strike Certain Defenses with Authority"[1]

(Dkt. # 20). Plaintiff filed the instant motion on May 17, 2010. On the same day, defendant filed

Defendant Faith Technologies, Inc.'s Unopposed Motion for Leave to Amend Answer of Defendant

Faith Technologies, Inc. (Dkt. # 21). Plaintiff filed a response (Dkt. # 22) stating that he did oppose

defendant's motion to amend, and requested that any amendment not moot his motion to strike. The

Court granted defendant's motion to amend without prejudice to consideration of plaintiff's motion

to strike. Dkt. # 23. Defendant filed an amended answer. Dkt. # 24. Plaintiff moved to strike

defendant's defenses of unclean hands, direct threat, business necessity, same result, undue hardship,

and defendant's reservation of the right to assert additional defenses,[2] or for judgment on the

pleadings on such defenses. Plaintiff has since withdrawn his motion with regard to the direct threat,

---

[1]    The misplaced modifier renders the precise nature of the relief requested unclear, but humorous.

[2]    Plaintiff also moved to strike the defenses of statute of limitations and failure to exhaust. This part of the motion is moot because those defenses are not asserted in defendant's amended answer. See Dkt. # 24.

Exhibit 4

business necessity, same result, and undue hardship defenses. Dkt. # 29, at 2-3. This leaves the

unclean hands defense at issue, as well as the reservation of the right to assert additional defenses.

## I.

Plaintiff is a male resident of Oklahoma County, Oklahoma. Dkt. # 1, at 1. He alleges that

he suffers from a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101

et seq. (ADA): he is unable to bend his left knee at greater than a twenty degree angle and his left

leg is approximately two and one-quarter inches shorter than his right leg. Dkt. # 1, at 2. Defendant

is a company that provides electrical and specialty systems contracting services at various locations

in the United States. Dkt. # 24, at 2.

Plaintiff alleges that he worked as a contract (or temporary) employee of defendant from

approximately April 2008 until on or about March 8, 2009. Dkt. # 1, at 2. He alleges that he was

hired as a permanent employee on March 9, 2009.[3] Id. at 2. He alleges that, after he was hired, he

was told he had to submit to a physical examination conducted by a physician of defendant's choice.

Id. He alleges that the physician erroneously concluded that, because of his condition, he was

unable to perform certain duties, including climbing ladders. Id. He further alleges that defendant

was aware that the physician's diagnosis was erroneous. Id. Plaintiff was not retained as a

permanent employee. On or about March 21, 2009, defendant hired plaintiff as a construction

foreman on a contract (or temporary) basis for a project in Hinton, Oklahoma. Id. at 3.

---

[3]     Defendant alleges that it made a conditional offer of employment to plaintiff on or about
        March 9, 2009. It alleges that such offer was contingent on plaintiff passing a physical
        examination. Dkt. # 24, at 3-4.

He alleges that he was terminated,[4] and that the decision to terminate him was based, at least in part, on discrimination on the basis of disability in violation of the ADA and the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA).

## II.

Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy, Rule 12 motions to strike are generally viewed with disfavor and infrequently granted. See Kaiser Aluminum & Chem. Sales. Inc. v. Avondale Shipyards. 677 F.2d 1045, 1057 (5th Cir. 1982); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380.

In order to succeed on a Rule 12(f) motion to strike a defense, the plaintiff must usually show prejudice. Id. at § 1381. However, a court should not strike a defense if it is not clearly insufficient as a matter of law or if it fairly presents questions of law or fact that the Court should hear. Id.; see also Carpenter v. Ford Motor Co.. 761 F. Supp. 62, 65 (N.D. Ill. 1991) ("such motions are not favored and may be granted only if the defense is patently defective").

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Mock v. T.G. & Y. Stores Co.. 971 F.2d 522, 528 (10th Cir. 1992). The parties do not dispute that Rule 12(c) applies here, even though plaintiff seeks only partial judgment on the pleadings.

---

[4]     Plaintiff alleges that "[b]ecause [he] began work around March 21, 2009 as a contract (rather than permanent) construction foreman, [he] was not allowed to continue working for [d]efendant after the construction project in Hinton, Oklahoma was completed around March 24, 2009. Dkt. # 1, at 3.

## III.

Plaintiff seeks to have stricken defendant's unclean hands defense and reservation of the right to add additional defenses or counterclaims or, in the alternative, seeks partial judgment on the pleadings.

The Federal Rules of Civil Procedure require a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it" and to "affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(b), (c). The Tenth Circuit has not determined whether the notice pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny apply to affirmative defenses. One commentator has noted that "numerous federal courts have held [that] an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1274. Other courts of appeals have determined that general statements of affirmative defenses are sufficient. E.g., Holway v. Negro Leagues Baseball Museum, 263 Fed. App'x 538, 538 (8th Cir. 2008) (unpublished) (holding that defendant did not waive its statute of limitations defense by failing to cite the specific statute in its answer); Clem v. Corbeau, 98 Fed. App'x 197, 203 (4th Cir. 2004) (unpublished) (holding that defendant's answer "sufficiently encapsulated the elements of an affirmative defense to have put plaintiff on notice that defendant intended to rely on it); Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995) (holding that a party did not waive its preemption defense where its answer did not specifically mention preemption but contained a broader defense that was capable of encompassing preemption),

4

abrogated on other grounds by <u>Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co.</u>, 215 F.3d 136 (1st Cir. 2000).

The reason defendants are required to plead affirmative defenses is to avoid unfair surprise to the plaintiff. <u>See</u> <u>Rogers v. McDorman</u>, 521 F.3d 381, 385 (5th Cir. 2008) ("[t]he concern is that '[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense'") (quoting <u>Ingraham v. United States</u>, 808 F.2d 1075, 1079 (5th Cir. 1987)). In most cases, recitation of the specific affirmative defenses that may be applicable is sufficient to serve this purpose, because the nature of the defense may be inferred from the factual allegations already made in the complaint and answer.

The factual allegations contained in the complaint and answer are necessarily incorporated into a defendant's recitation of affirmative defenses. It would be absurd to require a defendant to re-plead every fact relevant to an affirmative defense. Further, it would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred[5] and the fact that defendants may waive affirmative defenses that are not plead. <u>See</u> <u>Wanamaker v. Albrecht</u>, No. 95-8061, 1996 WL 582738, at *5 (10th Cir. 1996) (unpublished)[6] ("[w]hile counsel often plead vast numbers of affirmative defenses without being sure whether the facts will ultimately support the defenses, such pleading is done precisely so that the defenses will be preserved should discovery or

---

[5]   Plaintiff's argument that defendant knew all the necessary facts at the time plaintiff was terminated and, therefore, should have put all of those facts in its answer is without merit. Dkt. # 20, at 10.

[6]   Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.

further proceedings reveal factual support"). Plaintiff argues that "[p]leading that a claim 'may be barred to the extent any disability posed a direct threat' does not even give notice of whether [d]efendant actually is asserting this defense." Dkt. # 20, at 10 (emphasis in original). While this language preserves the defense should discovery reveal factual support for it, it also puts plaintiff on notice that this may be an issue, which serves the purpose of pleading affirmative defenses.

Plaintiff seems to suggest that Twombly would require defendants to allege specific facts directly corresponding to each required element of an affirmative defense. See, e.g., Dkt. # 29, at 2. This goes far beyond what Twombly requires in even a complaint, which is allegations sufficient " to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. An affirmative defense may be plausible even if all the facts necessary to prove its applicability have not been established. Further, plaintiff's own complaint would fail under the standard he seeks to apply to defendant's pleadings. For example, plaintiff's complaint does not allege that defendant is a "covered entity" (or all the facts necessary to determine that defendant is a covered entity), which is a prerequisite to ADA liability.

Defendant has included extensive factual allegations in its amended answer. It is clear from the face of the complaint and amended answer that defendant's listed affirmative defenses are more than merely speculative; they are plausible. Assuming that Twombly is the proper standard, the Court finds that defendant's allegations are sufficient under Twombly. For these reasons, plaintiff's generalized objections to the sufficiency of defendant's amended answer are without merit.

Plaintiff also argues that defendant's unclean hands defense should be stricken because the defense is "not generally applicable to bar claims arising under the discrimination statutes," and cites Haynes Trane Service Agency, Inc. v. American Standard, Inc., 537 F.3d 947 (10th Cir. 2009), in

support. Dkt. # 20, at 8. Plaintiff mischaracterizes the Tenth Circuit's explanatory parenthetical in Haynes regarding McKennon v. Nashville Banner Publishing Corp., 513 U.S. 352, 360-61 (1995), as the Tenth Circuit's "holding." Dkt. # 20, at 8. The Haynes court's relevant holding was that "the district court did not abuse its discretion in denying [plaintiff] the benefit of equitable estoppel on the basis of his unclean hands." Haynes, 573 F.3d at 958. Further, the Supreme Court in McKennon did not hold that unclean hands was inapplicable to all remedies under antidiscrimination statutes. Acknowledging that the doctrine of unclean hands "has not been applied where Congress authorized broad equitable relief to serve important national policies,"[7] the McKennon court determined that "this does not mean . . . that the employee's own misconduct is irrelevant to all of the remedies otherwise available under the [Age Discrimination in Employment Act]." McKennon, 513 U.S. at 360-61. Nor does plaintiff's citation to E.E.O.C. v. Recruit U.S.A., Inc., 939 F.2d 746, 753 (9th Cir. 1991), support the proposition that the unclean hands doctrine is per se inapplicable to Title VII cases.[8] The Recruit U.S.A. court's determination that the unclean hands doctrine was inapplicable was made based on the circumstances of that particular case. 939 F.2d at 753 ("[u]nder traditional equitable principles, the substantial public interest permeating this case warrants a departure from the 'clean hands' doctrine") (emphasis added). Further, plaintiff cites no authority suggesting that the doctrine is inapplicable to his OADA claim.

---

[7]    The Supreme court cited to a case where the unclean hands defense was rejected in a suit under the Sherman and Clayton Antitrust Acts. McKennon, 513 U.S. at 360.

[8]    Plaintiff is, however, correct that defendant's brief states the opposite of the holding in Board of County Commissioners, Fremont County, Colorado v. U.S. E.E.O.C., 405 F.3d 840 (10th Cir. 2005), in which the Tenth Circuit affirmed the Equal Opportunity Employment Commission's determination that the evidence was insufficient to establish an unclean hands defense.

7

Plaintiff further suggests that defendant has not adequately plead the elements of an unclean hands defense; namely, that "there is no allegation that the plaintiff committed fraud." Dkt. # 29, at 2. First, plaintiff's own characterization of the elements of unclean hands requires that the party "is guilty of conduct involving fraud, deceit, unconscionability, or bad faith," not merely fraud. Id. Second, defendant's allegations are sufficient to give plaintiff notice of the particular instance of such conduct. Defendant alleges:

> 6.
> Faith Technologies was not aware that Plaintiff had severe limitations on his ability to bend his left knee at the time that it initially considered him for the Electrical Foreman position.
> 7.
> Courtney Flechall Johnson, Human Resources Recruiter, specifically questioned Plaintiff during his job interview as to whether he could perform the essential functions of the job, which include walking, bending, stooping, lifting up to 50 lbs, and climbing extension ladders. In response, Plaintiff disclosed that he had a problem with his left knee, but he claimed it did not 'slow him down.'

Dkt. # 24, at 8. It is clear that defendant's theory of unclean hands is that plaintiff lied about the condition of his knee. This portion of plaintiff's motion is denied.

Plaintiff also seeks to have the sentence "[d]efendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery," Dkt. # 24, at 12, stricken. Plaintiff argues that defendant cannot "reserve" the right to amend without leave of the Court. Defendant is, of course, aware that it must seek leave of the Court before amending its answer. Dkt. # 28, at 6. In fact, defendant sought leave to amend its initial answer in this case in response to plaintiff's objections to the affirmative defenses plead therein. See Dkt. # 21. The fact that leave is required to amend a pleading is not a reason to strike this sentence.

Plaintiff claims that, by pleading such reservation, "[d]efendant imposes the burden on the Plaintiff to demonstrate that Plaintiff did not acquiesce or agree to such a reservation. Thus,

8

Defendant's conduct multiplies the pleadings by doing a vain act." Dkt. # 29, at 3. Plaintiff is not prejudiced by defendant's statement that additional affirmative defenses or counterclaims may be asserted. Should defendant seek to amend its amended answer, defendant must establish good cause to do so, and plaintiff will have an opportunity to object. It has not been suggested that plaintiff agreed to any such amendment in advance. Plaintiff has not shown any real prejudice caused by this sentence, or by any portion of defendant's pleadings.[9]

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Strike Certain Defenses With Authority," Dkt. # 20, is **denied**.

**DATED** this 9th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[9]   The utter lack of meaningful prejudice leaves the Court with the distinct impression that the parties need to step back and take a deep breath before filing motions. The parties are encouraged to attempt to resolve their technical disputes between themselves, and are advised that sharp litigation practices are disfavored. The parties are also advised that the mischaracterization of authority is not helpful.